| | |
|---|---|
| **LEONARD, TILLERY & SCIOLLA, LLP**<br>BY: HUGH J. HUTCHISON, ESQUIRE<br>ATTORNEY NO. 02381<br>1515 Market Street, 18th Floor<br>Philadelphia, PA 19102<br>Telephone: (215) 567-1530 | THIS IS NOT AN ARBITRATION CASE |

| | | |
|---|---|---|
| PHASE FORWARD INCORPORATED<br>1440 Main Street<br>Waltham, MA 02451 | : <br> : <br> : <br> : | COURT OF COMMON PLEAS OF<br>PHILADELPHIA COUNTY,<br>PENNSYLVANIA |
| Plaintiff, | : <br> : | |
| v. | : <br> : | TERM<br>NO. |
| FEDERAL INSURANCE COMPANY,<br>CHUBB GROUP OF INSURANCE<br>COMPANIIES<br>One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103-7301<br>    Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| | : | JURY TRIAL DEMANDED |

## **COMPLAINT**

1. Plaintiff is PHASE FORWARD INCORPORATED, ("PHASE FORWARD") a Delaware corporation having a business address at 1440 Main Street, Waltham, Massachusetts.

2. Defendant is the Federal Insurance Company ("Federal"), a member of the Chubb Group of Insurance Companies having a business address at One Liberty Place, 1650 Market Street, Philadelphia, Pennsylvania.

3. The conduct of the Defendant that gives rise to this litigation occurred in this jurisdiction.

4. On or about September 1, 2000, Federal issued a Policy of Insurance to PHASE FORWARD being Policy No. 3533-23-27 MTO ("the Policy"). A true and correct copy of the relevant portions of the Policy is attached hereto and incorporated herein as Exhibit "A."

5.  The Policy had effective dates of September 1, 2000 to September 1, 2001.

6.  The Policy contained General Liability coverage and included, *inter alia*, coverage for injuries caused by advertising.

7.  Pursuant to the terms of the Policy, "advertising" was defined as

> any advertisement, publicity article, broadcast or telecast.

8.  Pursuant to the terms of the Policy, an "advertising injury" was defined as an

> injury…arising solely out of one or more of the following offenses committed in the course of **advertising** your goods, products or services:…• infringement of copyrighted advertising materials or infringement of trademarked or service marked titles or slogans.

9.  Pursuant to the terms of the Policy, Federal had the duty to defend PHASE FORWARD in any suit seeking damages for advertising injuries.

10. On or about May 2, 2001, CB Technologies, Inc., ('CBT") instituted suit against PHASE FORWARD in the United States District Court for the Eastern District of Pennsylvania at Civil Action No.: 01-2174.  At true and correct copy of the complaint is attached hereto and incorporated herein as Exhibit "B."

11. According to the allegations in the complaint, CBT asserted that it had rights to the trademark "EDC UNPLUGGED."

12. According to the allegations in the complaint, CBT claimed that PHASE FORWARD utilized the terms "INFORM UNPLUGGED," and "UNPLUGGED" in its advertising and promotional materials.

13. "EDC UNPLUGGED," as alleged in the complaint, is a trademarked title or slogan.

14. According to the allegations contained in the complaint, CBT asserted that it sustained injury as a direct result of the infringement of the trademarked title or slogan "EDC UNPLUGGED" by PHASE FORWARD in the course of advertising its goods, products or services.

15. The injuries allegedly sustained by CBT, as alleged in the complaint, constitute an "advertising injury" as defined in the Policy.

16. After service of the complaint, PHASE FORWARD timely notified representatives of Federal and requested that Federal assume the defense under the terms of the Policy.

17. PHASE FORWARD has fully complied with all relevant terms of the Policy.

18. Federal failed and refused to provide coverage and/or accept the defense of PHASE FORWARD.

19. PHASE FORWARD retained counsel at its own cost and expense and successfully defended the claim asserted by CBT.

20. As a direct and proximate result of the failure of Federal to accept coverage and provide a defense, PHASE FORWARD incurred counsel fees and/or cost of defending itself in the amount of Forty-five Thousand Nine Hundred and Seventy ($45,970) Dollars.

## COUNT I
## BREACH OF CONTRCT

21. The allegations in paragraphs 1 through 20 are incorporated herein as though the same had been repeated at length.

22. The failure and refusal of Federal to accept coverage and to provide a defense to PHASE FORWARD is a breach of its duty under the terms of the Policy.

23. As a direct result of Federal's breach of its contractual obligations under the Policy, PHASE FORWARD was required to incur substantial expenses and costs in its own defense.

WHEREFORE, Plaintiff, PHASE FORWARD INCORPORATED demands judgment in its favor and against Defendant, Federal Insurance Company in the amount of Forty-five Thousand Nine Hundred and Seventy ($45,970) Dollars plus interest and costs.

### COUNT II
### BAD FAITH

24. The allegations in paragraphs 1 through 23 are incorporated herein as though the same had been repeated at length.

25. On or about May 8, 2001, PHASE FORWARD submitted a copy of the complaint to Federal, or to its authorized agent.

26. On or about May 11, 2001, Federal, through its authorized agent, acknowledged receipt of the claim.

27. By its letter dated June 26, 2001, Federal advised PHASE FORWARD that it was denying coverage.

28. Federal has asserted that there is no coverage because in its complaint CBT failed to allege that PHASE FORWARD was engaged in "advertising" at the time that it caused the injuries alleged.

29. The allegations in the complaint assert that PHASE FORWARD'S wrongful conduct was the result of its use of promotional materials and information contained on its World Wide Website.

30. Federal's interpretation of the allegations in the complaint was made in bad faith for the purpose of avoiding its contractual obligations under the Policy.

31. Federal has asserted that there is no coverage because the claim of injury alleged in the complaint did not involve trademarked titles or slogans.

32. Federal has asserted that the trademark "EDC UNPLUGGED," as alleged in the complaint, was a "name" and not a "title or slogan."

33. Federal's interpretation of the allegations in the complaint was made in bad faith for the sole purpose of avoiding its obligations under the Policy.

34. By letter dated July 12, 2001, PHASE FORWARD requested that Federal review its decision to deny coverage.

35. After further review, Federal maintained its decision to deny coverage to Phase Forward.

36. At no time materials hereto did Federal have a reasonable basis for denying PHASE FORWARD the benefits to which it was entitled under the Policy.

37. At all times material hereto, Federal knew or recklessly disregarded its lack of a reasonable basis for denying the benefits of the Policy to PHASE FORWARD.

WHEREFORE, Plaintiff, PHASE FORWARD INCORPORATED demands judgment in its favor and against Defendant, Federal Insurance Company and an award of compensatory damages, punitive damages, interest, costs and attorney fees in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

Respectfully submitted,

_____
Hugh J. Hutchison, Esquire
LEONARD, TILLERY & SCIOLLA, LLP
Attorney for Plaintiff

DATED:

**VERIFICATION**

I, D. Ari Buchler, Esq., represent that I am Vice President and General Counsel for PHASE FORWARD INCORPORATED and am authorized to make this Verification on its behalf. I am personally familiar with the facts set forth in the foregoing Complaint and the same are true and correct to the best of my knowledge, information and belief. This Verification is made subject to the penalties' of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

By: _____
D. ARI BUCHLER, ESQUIRE

DATED:

| | |
|---|---|
| **LEONARD, TILLERY & SCIOLLA, LLP** <br> BY: HUGH J. HUTCHISON, ESQUIRE <br> ATTORNEY NO. 02381 <br> 1515 Market Street, 18th Floor <br> Philadelphia, PA 19102 <br> Telephone:  (215) 567-1530 | THIS IS NOT AN ARBITRATION CASE. |
| PHASE FORWARD INCORPORATED <br> 1440 Main Street <br> Waltham, MA 02451 <br><br>                    Plaintiff, <br><br>       v. <br><br> FEDERAL INSURANCE COMPANY <br> A MEMBER OF CHUBB GROUP <br> OF INSURANCE COMPANIIES <br> One Liberty Place <br> 1650 Market Street <br> Philadelphia, PA 19103-7301 <br>                    Defendant | COURT OF COMMON PLEAS OF <br> PHILADELPHIA COUNTY, <br> PENNSYLVANIA <br><br><br> TERM <br> NO. <br><br><br><br><br><br><br> CIVIL ACTION |

## NOTICE

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance, personally or by attorney and filing in writing with the Court, our defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you in a Judgment may be entered against you by the Court, without further notice, for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association <br>
Lawyer Referral and Information Service <br>
One Reading Center <br>
Philadelphia, Pennsylvania 19107 <br>
(215) 238 - 1701

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su personá. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Información Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-1701